**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10423 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00212-ROS-1 |
| v. | |
| LUIS ENRIQUE VILLEGAS-LUGO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Submitted July 22, 2016[**]
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and RAKOFF,[***] Senior
District Judge.

Defendant Luis Enrique Villegas-Lugo appeals from the district court's

judgment and challenges his guilty-plea conviction and 210-month sentence for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(viii). Because Defendant waived his right to appeal his conviction and sentence, we dismiss the appeal.

Defendant contends that the waiver is unenforceable because the district court failed to provide the advisements required by Federal Rule of Criminal Procedure 11 and Apprendi v. New Jersey, 530 U.S. 466 (2000). He argues that the district court erred by failing to inform him, during the plea colloquy, that the government bore the burden of proving drug quantity beyond a reasonable doubt. Because Defendant did not object to the adequacy of the plea colloquy before the district court, we review for plain error. See United States v. Watson, 582 F.3d 974, 987 (9th Cir. 2009) (enforcing an appellate waiver because there was no plain error in the district court's Rule 11 plea colloquy).

Defendant did not challenge the drug quantity or drug type alleged in the indictment. Rather, he admitted under oath that he had "sent a drug courier to meet [his brother] in Phoenix to deliver approximately 20 pounds of methamphetamine." Moreover, the evidence supporting the drug quantity was overwhelming: Defendant was captured on wiretaps arranging for a shipment of approximately 20 pounds of methamphetamine to a stash house, the calls reflected that the shipment was received, and the agents found approximately 20 pounds of methamphetamine

in their search of the stash house the next day. Defendant's claim, therefore, does not satisfy the requirements of plain error review. See United States v. Valensia, 299 F.3d 1068, 1076–77 (9th Cir. 2002) (applying plain error review and affirming the district court, despite its failure to inform the defendant that the government was required to prove drug quantity beyond a reasonable doubt, "because the evidence that the conspiracy involved [the drug quantity in question] was overwhelming and uncontroverted").

Defendant's remaining arguments that the waiver is unenforceable likewise fail. First, the district court did not advise Defendant that he retained the right to appeal "without qualification." See Watson, 582 F.3d at 987 ("Where a judge advises a defendant, without qualification, that he or she has a right to appeal, the defendant will be deemed to have such a right even though it was waived in the plea bargain." (internal quotation marks and brackets omitted)). Second, the sentence comported with the plain terms of the plea agreement, which contained no stipulation as to the final sentence but only a stipulation that Defendant would be assessed a two-level enhancement for possession of a firearm during commission

of the offense. Finally, for the reasons noted above, Defendant's claim that the plea colloquy violated <u>Apprendi</u> does not establish that his sentence was unlawful.[1]

**DISMISSED.**

---

[1] Because we hold that the appellate waiver is enforceable, we do not reach Defendant's arguments on the merits.